22CA2204 Peo v Brentner 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA2204
Weld County District Court No. 22CR467
Honorable Vincente G. Vigil, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jay Walter Brentner,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUSTICE MARTINEZ*
Tow and Bernard*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Stephen C. Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Jay Walter Brentner, appeals the district court's restitution order. We affirm.

## I.    Background

¶ 2    In 2022, Brentner assaulted his wife during an argument in their home. During the assault, Brentner also caused damage to the home. At the time of Brentner's arrest, his wife estimated the property damage at "around four hundred dollars."

¶ 3    The prosecution charged Brentner with two counts of second degree assault, one count of menacing, one count of third degree assault, and one count of criminal mischief (damage of $300 or more but less than $1,000). As part of a written plea agreement, Brentner pleaded guilty to menacing and third degree assault in exchange for dismissal of the remaining charges. But he "stipulate[d] to a factual basis and proximate cause as to all charged, pled and/or dismissed counts for restitution purposes," and the prosecution "reserve[d] restitution" for a later date.

¶ 4    After the parties entered the plea agreement but before the providency hearing, the prosecution submitted a notice of

restitution seeking, as relevant, $31,000 for damage to the home.[1] Brentner filed a written objection challenging the amount of restitution sought and requesting a hearing on the issue.

¶ 5 During the providency hearing, the district court reviewed the terms of the plea agreement with Brentner, including the requirement that he pay restitution. Neither Brentner nor defense counsel contested the restitution requirement, but defense counsel pointed out that Brentner had already "filed an objection to the amount of restitution requested." The prosecution advised that it might request additional restitution and, consistent with the plea agreement, asked to reserve that request for a later date. The district court accepted the plea agreement, granted the prosecution's request to determine restitution at a later date, and scheduled the restitution hearing.

¶ 6 Brentner then filed a motion to continue the restitution hearing, seeking additional time to investigate the alleged property damage. He explained that he "does not dispute that there was

---

[1] The prosecution also requested $585.42 in restitution for dental work, and the district court awarded that amount. Brentner does not challenge the restitution imposed for dental work in this appeal.

some damage to the home . . . but he does dispute the amount of damage claimed." Finding good cause, the court granted Brentner's motion and rescheduled the restitution hearing.

¶ 7 The prosecution later timely amended its notice of restitution, reducing the amount of restitution requested for property damage to $13,846.

¶ 8 At the restitution hearing, Brentner acknowledged that, under the plea agreement, he "admitt[ed] that he was the proximate cause of damages associated with" the dismissed charge of criminal mischief (damage of $300 or more but less than $1,000). For the first time, Brentner argued that he did not agree to damages that would implicate a higher class for criminal mischief — an offense that was not charged.

¶ 9 The district court disagreed, reasoning that *People v. Rodriguez-Morelos*, 2022 COA 107M, *aff'd*, 2025 CO 2, permitted a restitution amount that exceeded the damage amount in the dismissed charge. Specifically, the district court explained that the division in *Rodriguez-Morelos* considered a similar argument: whether a court may order a defendant convicted of theft to pay restitution in an amount greater than what the victims testified to

at trial. *See id.* at ¶¶ 87-88. The division rejected this argument because, among other things, a court must "base its order for restitution upon information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to determine the amount of restitution and the identities of the victims." *Id.* at ¶ 91 (quoting § 18-1.3-603(2)(a), C.R.S. 2024). The district court interpreted this to mean that it could order an amount of restitution greater than the amount charged so long as the evidence presented at the restitution hearing supported that amount. Because the prosecution here had presented sufficient evidence to support its greater restitution request, the district court ordered Brentner to pay the full amount of restitution requested, including $13,846 for property damage.

¶ 10 As he argued at the restitution hearing, Brentner contends on appeal that the district court erred by ordering $13,846 in restitution for property damage because he was not charged with conduct causing damages of $1,000 or more and therefore did not stipulate to that conduct under the plea agreement. In so arguing, Brentner relies on several recent cases limiting the scope of an

offender's conduct that a court may rely on to order restitution. For example, a court may not order restitution for acquitted conduct, *see Cowen v. People*, 2018 CO 96, ¶ 2; *see also People v. Knapp*, 2020 COA 107, ¶ 81 (when a jury convicts a defendant of a lesser offense than charged, restitution is limited to the lesser offense), for uncharged conduct, *see People v. Sosa*, 2019 COA 182, ¶ 1; *see also People v. Moss*, 2022 COA 92, ¶¶ 14, 17 (unless otherwise agreed to, restitution is limited to conduct occurring on the dates of the offenses that a defendant is charged with and convicted of), or for conduct related exclusively to dismissed charges, *see People v. Roddy*, 2021 CO 74, ¶ 5. Thus, Brentner says he retains a "presumption of innocence" and is not an "offender" for restitution purposes for property damages of $1,000 or more. *See, e.g.*, *id.* at ¶¶ 26-27.

## II. The Plea Agreement

¶ 11    We view the plea agreement as ambiguous concerning the conduct for which Brentner agreed to pay restitution. Therefore, we look outside the agreement to resolve that ambiguity. Doing that here, we conclude that Brentner agreed to pay any amount of

restitution for damages caused by his conduct, including property damage of $1,000 or more.

### A. Standard of Review and Applicable Law

¶ 12 We review de novo whether the district court had authority to impose restitution for uncharged conduct. *Moss*, ¶ 8. Generally, a court may not order restitution for injury or losses caused by conduct that forms the basis of only dismissed charges. *Roddy*, ¶ 28. We look to the plea agreement to determine if the parties have agreed to restitution for conduct that forms the basis of dismissed charges. *See id.* at ¶ 5 (holding that, absent an agreement at the time the plea is entered, a court may not impose restitution for pecuniary losses proximately caused by conduct exclusively related to dismissed charges); *see also* Ch. 263, sec. 3, § 18-1.3-603(11), 2022 Colo. Sess. Laws 1926-27 (codifying *Roddy*'s holding).

¶ 13 Our review of the parties' obligations under a plea agreement is also de novo. *Roddy*, ¶ 24. We look at the plain language of the agreement and focus on the meaning a reasonable person would have given the agreement at the time it was made. *Id.*; *People v. Antonio-Antimo*, 29 P.3d 298, 303 (Colo. 2000).

¶ 14    When an agreement is ambiguous, however, we will "look to the circumstances surrounding the execution of the plea agreement to determine" its meaning. *Antonio-Antimo,* 29 P.3d at 303. Although we will generally resolve any ambiguity in the defendant's favor, we will not "read into the agreement a term that lacks evidentiary support in the record." *Craig v. People,* 986 P.2d 951, 962 (Colo. 1999). Instead, we will consider a defendant's proposed interpretation only when it has a "*reasonable* foundation in the document itself and in the circumstances surrounding its execution." *Id.* (quoting *People v. Romero,* 745 P.2d 1003, 1010 (Colo. 1987)).

B.    Brentner Agreed to Pay All Restitution for Dismissed Charges

¶ 15    In relevant part, the plea agreement states: "The defendant stipulates to a factual basis and proximate cause as to all charged, pled and/or dismissed counts for restitution purposes."

¶ 16    By "stipulat[ing] to a factual basis" for "all charged . . . and/or dismissed counts," Brentner admitted that his conduct supported the dismissed criminal mischief count. But the plea agreement does not provide any detail about Brentner's conduct; it does not include a narrative, incorporate a document that includes a

description of the incident, or refer to any testimony about the offense. Thus, while Brentner stipulated to a factual basis, we cannot discern any information about those facts other than that they support criminal mischief (damage of $300 or more but less than $1,000).

¶ 17 Brentner also stipulated to "proximate cause as to all . . . dismissed counts" and specified that the stipulations for the dismissed criminal mischief count were "for restitution purposes."

¶ 18 Brentner may have conceded conduct that supports criminal mischief and, in the process, agreed to any damages that were caused by the admitted conduct. However, the plea agreement can also be read to mean that Brentner only admitted to conduct causing property damage less than $1,000. Likewise, the provision "for restitution purposes" could be a recognition that the purpose of restitution is to make the victim whole, *see* § 18-1.3-601(1)(g)(I), C.R.S. 2024, or it could function to limit restitution to the charged amount.

¶ 19 Consequently, the plea agreement is ambiguous concerning whether Brentner agreed to restitution for all damages caused by his conduct for criminal mischief or only for those under $1,000.

We therefore look to the circumstances surrounding the agreement's execution to determine what meaning the parties gave the agreement at the time it was made. *See Roddy*, ¶ 24; *Antonio-Antimo*, 29 P.3d at 303.

¶ 20 After the prosecution filed its first notice of restitution seeking $31,000 for property damage — an amount greatly exceeding the charged amount — Brentner filed an objection stating that he "must have an opportunity to contest any claimed monetary damages." He also asked for an "itemized list of any requested restitution items" and "all supporting documentation." Significantly, he did not indicate that he had not agreed to damages of more than $1,000.

¶ 21 Similarly, at the providency hearing, Brentner noted his earlier filing, calling it an "objection to the amount of restitution requested," but he otherwise acknowledged that the agreement required him to pay restitution.

¶ 22 And, finally, Brentner's motion to continue the restitution hearing related in some detail the damages claimed and explained that "[i]n order to understand how these estimates became so astronomical," he had consulted with an expert and "fire rescue"

and had retrieved "various documents and records." He also stated that he had witnesses who could testify that some of the damages were pre-existing. Thus, he asked for more time for further consultation and investigation. However, he did not mention that he had only agreed to damages up to $1,000 but instead reiterated that he was "disput[ing] the amount of damage claimed."

¶ 23 It was not until the restitution hearing — four months after the agreement was made — that Brentner first argued that he had only agreed to pay up to $1,000 in restitution for conduct related to the dismissed criminal mischief count.[2]

¶ 24 Brentner's initial objection to restitution and reference to it at the providency hearing suggest that he did not understand the agreement he had made as limiting damages to less than $1,000. His understanding is confirmed by his motion to continue, in which he asked for more time to continue investigating the "astronomical" damages, whether any of them were pre-existing, and their proper valuation. Little or none of this would be necessary if Brentner

---

[2] There is no question that Brentner preserved the issue for appeal. But we look to the circumstances at the time the agreement was made, including the objection, for a different purpose.

believed damages were limited to less than $1,000. We conclude that the circumstances surrounding the agreement to pay restitution for dismissed charges clarify the ambiguous wording of the agreement and reveal an understanding that Brentner had agreed to pay restitution for all damages caused by his conduct constituting criminal mischief. Thus, the district court did not err by ordering him to pay $13,846 in restitution for property damage.

### III. Disposition

¶ 25    We affirm the restitution order.

JUDGE TOW and JUDGE BERNARD concur.